UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

FOREVER YOUNG MEDSPA, LLC,

    Plaintiff,

vs.

DUYWASHMAN, LLC; 4EVER
YOUNG FRANCHISING, LLC;
4EVER YOUNG DELRAY, LLC;
4EVER YOUNG PLANTATION,
LLC and 4EVER YOUNG
WESTON, LLC,

    Defendants.

_____/

## COMPLAINT

Plaintiff, FOREVER YOUNG MEDSPA, by and through undersigned counsel, sues Defendants, DUYWASHMAN, LLC, 4EVER YOUNG FRANCHISING, LLC, 4EVER YOUNG DELRAY, LLC, 4EVER YOUNG PLANTATION, LLC and 4EVER YOUNG WESTON, LLC, and in support thereof alleges:

## INTRODUCTION

1. This is an action seeking injunctive, declaratory and monetary relief in excess of $75,000, exclusive of court costs, attorneys' fees and interest, arising from the infringement of trademarks protected by the laws of the State of Florida and the common law by the Defendants, seeking cancellation of a federal trademark registration, as well as relief for unfair competition, dilution and violation of the Florida Deceptive and Unfair Trade Practice Act, concerning the protected trademarks of Plaintiff, FOREVER YOUNG MEDSPA, over which the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338 and 28 U.S.C. § 1367.

## PARTIES, VENUE AND JURISDICTION

2. Plaintiff, FOREVER YOUNG MEDSPA, LLC ("Forever Young"), is and was at all times material, a Florida limited liability company, authorized to do business and doing business in the Southern District of Florida.

3. Defendant, DUYWASHMAN, LLC ("Duywashman"), is and was at all times material, a Florida limited liability company, authorized to do business and doing business in the Southern District of Florida.

4. Defendant, 4EVER YOUNG FRANCHISING, LLC ("4Ever Young Franchising"), is and was at all times material, a Florida limited liability company, authorized to do business and doing business in the Southern District of Florida.

5. Defendant, 4EVER YOUNG DELRAY, LLC ("4Ever Young Delray"), is and was at all times material, a Florida limited liability company, authorized to do business and doing business in the Southern District of Florida.

6. Defendant, 4EVER YOUNG PLANTATION, LLC ("4Ever Young Plantation"), is and was at all times material, a Florida limited liability company, authorized to do business and doing business in the Southern District of Florida.

7. Defendant, 4EVER YOUNG WESTON, LLC ("4Ever Young Weston") is and was at all times material, a Florida limited liability company, authorized to do business and doing business in the Southern District of Florida.

8. The amount in controversy is exceeds the sum or value of $75,000, exclusive of interest, fees and costs.

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, federal question jurisdiction, 28 U.S.C. § 1338, patent and trademark jurisdiction and supplemental jurisdiction under 28 U.S.C. § 1367 as to Plaintiff's related state and common law claims.

10. Venue is proper pursuant to 28 U.S.C. § 1391 in the United States District Court for the Southern District of Florida as the events or omissions giving rise to the claims occurred that in the Southern District of Florida, and the Plaintiff and Defendants reside in and/or are doing business in the Southern District of Florida.

## GENERAL ALLEGATIONS

11. Since 2005, Forever Young has been in business in the Southern District of Florida, primarily in Broward County, Florida as a medical aesthetics center. A true and correct copy of Forever Young's January 20, 2005 Electronic Articles of Organization, filed with the Florida Secretary of State, is attached hereto as Exhibit A. Forever Young has attracted patients who seek the best non-surgical results for looking their best.

12. Upon information and belief, no other center in South Florida and few in the entire United States have performed more non-surgical body shaping, fat reduction, skin tightening and injectable treatments as Forever Young. Since 2005, Forever Young has performed over 45,000 treatments, and it was one of the first centers in the nation that adopted Fractional Laser, Magnetic Field, and Ultrasound technologies, which many other aesthetics centers are just now bringing into their practice.

13. Since at least December 2005, Forever Young has actively used its distinctive name and logo in connection with its business operations in South Florida and elsewhere. Forever Young has further registered its trademarks with the State of Florida, Division of Corporations for both the trademark name "Forever Young Medspa," which was issued Registration Number T20000001227, a true and correct copy of which is attached as Exhibit B, and its stylized logo design, wherein the "F" is comprised of a female figure with wings, which was issued Registration Number T20000001237, a true and correct copy of which is attached as Exhibit C.

14. As a result of Plaintiff's extensive experience, care and skill in the services it provides the public, it has become widely known and has acquired a reputation for excellence. It has commanded and still commands extensive sales and provides services that are a source of profit to Plaintiff.

15. Since 2005, Forever Young has expended substantial resources in continuously advertising and promoting its services in connection with the distinctive "Forever Young" trademark, along with its distinctive stylized logo design.

16. In the minds of consumers, the marks "Forever Young," "Forever Young Medspa," and the stylized logo design have come to mean, and are understood to be, related to Plaintiff's business and its services and products. Consumers distinguish Plaintiff's business and its services and products through the unique trademark name and logo, and they have come to rely upon that name and logo to signify medical aesthetics services that are of high value and quality.

17. Starting around 2014, companies bearing the name "4Ever Young" began to appear in South Florida providing medical aesthetics services, combining popular cosmetic treatments with wellness services, which are similar to that provided by Forever Young.

18. On May 22, 2018, Defendant, Duywashman, filed for registration of the phrase "4EVER YOUNG" with the United States Patent & Trademark Office ("USPTO"), which registration was approved, but should not have been approved, by the USPTO in 2020. This approval resulted in Registration Number 6,026,433 being issued to Duywashman for the "4EVER YOUNG" mark on April 7, 2020, a true and correct copy of which is attached as Exhibit D.

19. Duywashman with Defendant, 4Ever Young Franchising, have been franchising medical aesthetics centers in South Florida, allowing them to use the "4EVER YOUNG" trademark.

20. According to Duywashman's website located at https://www.fyinstitute.com, there are currently at least 9 locations in South Florida bearing and/or using the "4EVER YOUNG" mark. Upon information and belief, Defendants, 4Ever Young Delray, 4Ever Young Plantation, and 4Ever Young Weston, are franchisees of Duywashman and 4Ever Young Franchising, using the 4EVER YOUNG mark. There are additional locations in Jupiter, Florida, Wellington, Florida, Boca Raton, Florida, Fort Lauderdale, Florida, Aventura, Florida and Coral Gables, Florida.

21. Through the website and other promotional materials, Defendants are advertising their services using the 4EVER YOUNG mark, seeking business from throughout Florida. This is designed to attract residents of the State of Florida, particularly those in the geographic region surrounding South Florida, to use their services and to promote franchise opportunities.

22. All conditions precedent to the bringing of this action have occurred or been performed.

23. Forever Young has retained undersigned counsel and is required to pay them a reasonable fee.

## COUNT I
### Cancellation of Federal Trademark Registration

24. Plaintiff, Forever Young, realleges the allegations of Paragraphs 1 through 23 above and incorporates them by reference herein.

25. This is an action for cancellation of federal trademark Registration No. 6,026,433 for the mark "4EVER YOUNG."

26. Plaintiff requests cancellation of Registration No. 6,026,433 on the basis of likelihood of confusion under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d) and on the basis of dilution by blurring under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

27. Since at least December 2005, Forever Young has actively and continuously used its distinctive name and logo in connection with its business operations in South Florida and elsewhere. As a result of Plaintiff's extensive experience, care and skill in the services it provides the public, it has become widely known by the public and has acquired a reputation for excellence. It has commanded and still commands extensive sales and services that are a source of profit to Plaintiff. Forever Young has invested heavily in its distinctive name and logo and considers the brand as one of its most important and valuable assets.

28. Plaintiff's marks were famous and distinctive and were famous and distinctive long before the date of filing of Defendants' subject trademark registration.

29. Upon information and belief, due to the widespread recognition and notoriety of Plaintiff's marks, Defendants had actual notice of Plaintiff's prior rights in and to the marks before making use of a apply to register the mark "4EVER YOUNG."

30. The filing date and alleged date of first use of the "4EVER YOUNG" mark is more than 13 years after Forever Young's first use of its marks.

31. The goods and services set forth in the "4EVER YOUNG" are closely related to the goods and services covered by the Forever Young's "Forever Young" and "Forever Young Medspa" marks.

32. Upon information and belief, the "4EVER YOUNG" mark was created and adopted to reference the marks of Forever Young and Defendants' marks capitalize on Forever Young's fame and goodwill and the fame of Forever Young's "Forever Young" and "Forever Young Medspa" marks.

33. Forever Young has never given authorization or permission to use or apply to register the "4EVER YOUNG" mark.

34. With prior notice of Forever Young's rights in and to the "Forever Young" and "Forever Young Medspa" marks, as well as the fame associated with them, and no permission from Forever Young to make use of or to register the "4EVER YOUNG" mark, there is no logical explanation for Defendants' adoption and registration of the "4EVER YOUNG" mark in connection with medical aesthetics and beauty services than to exploit and misappropriate the goodwill and reputation amassed by Forever Young's use and registration of the "Forever Young" and "Forever Young Medspa" marks.

## Likelihood of Confusion – 15 U.S.C. § 1052(d)

35. Through many years of use and registration of "Forever Young" and "Forever Young Medspa" marks, Forever Young has clear priority over the Defendants' "4EVER YOUNG" mark. This is especially true given the similarity of goods and services provided by the parties.

36. Defendant Duywashman's registration of the phrase "4EVER YOUNG" with the USPTO is confusingly similar to Plaintiff's marks and mimics significant portion of Plaintiff's marks. Additionally, the overall commercial impression of Duywashman's registration and Plaintiff's marks are substantially similar, which thereby wrongly suggests an affiliation between the Defendants and Plaintiff.

37. In view of the similarity of the Plaintiff and Duywashman's mark, being used by Defendants, combined with the fact that the parties are offering similar services and products, Duywashman's registration with the USPTO is likely to cause the public to be confused and mistaken into believing that Defendants' services and products originate from Plaintiff, or are related to, associated with, or sponsored by Plaintiff.

38. The fact that the marks are aurally similar is also without dispute.

39. In fact, consumers and the public are routinely confused and mistaken into believing that Defendants' services and products originate from Plaintiff, or are related to, associated with, or sponsored by Plaintiff.

40. For example, consumers have posted negative reviews on the internet as to the experience they have had with the Defendants' services and products internet sites, mistakenly believing (and criticizing) Plaintiff and Plaintiff' services and products.  In one instance, a mistaken consumer, who used Defendants' services and products, and who incorrectly attributed those services and products as to Plaintiff, stated "I don't recommend it at all I spent 3k in their (sic) for no reason."

41. Indeed, continued registration of the "4EVER YOUNG" mark in connection with the goods of the Defendants, is likely to cause confusion (and has caused confusion), or to cause mistake (and has caused mistake) or to deceive as to the affiliation or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' products and services by Plaintiff, thereby causing damage to Plaintiff, as it has no control over the quality, safety or reputation of Defendants' goods and services.

### Dilution – 15 U.S.C. § 1125(c)

42. Through Forever Young's extensive and promotion and widespread use of its marks as described above, the marks are famous and well-known throughout South Florida.

43. The Defendants' registration of the "4EVER YOUNG" mark came long after the first use of the Plaintiff's marks in commerce in 2005 and the subsequent state registration.

44. The aural similarities between the Defendants' mark and the Plaintiff's marks impairs the distinctiveness of the Plaintiff's famous marks and their ability to exclusively identify goods and services from the Plaintiff.

45. By reason of the foregoing, Defendants' registration of the "4EVER YOUNG" mark dilutes or is likely to dilute Plaintiff's famous and distinctive marks under Section 43(c) of the Federal Trademark Act, 15 U.S.C. § 1125(c), thereby causing damage to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court cancel Registration No. 6,026,433, enjoining the use of the "4EVER YOUNG" mark by Defendants, as well as further franchising of the use of the "4EVER YOUNG" mark, award Plaintiff its reasonable attorneys' fees and costs of this action, along with all such other relief which is just and appropriate.

## COUNT II
### Florida Statutory Trademark Infringement, Florida Statutes Chapter 495

46. Plaintiff, Forever Young realleges the allegations of Paragraphs 1 through 23 above and incorporates them by reference herein.

47. This is an action for damages and injunctive relief as provided by Florida Statutes § 495.141.

48. Since at least December 2005, Forever Young has expended substantial resources in advertising and promoting its services in connection with the distinctive "FOREVER YOUNG" trademarks, along with its distinctive stylized logo design.

49. Since at least December 2005 (*i.e.,* for the last 15 years), Forever Young has conducted business in the South Florida area, and substantial customer goodwill has come to be associated with the names "Forever Young" and "Forever Young Medspa" which are part of the trademarks.

50. By virtue of the continuous and exclusive use of the trademarks by Forever Young in connection with its providing medical aesthetics and related services, the distinctive names Forever Young and Forever Young Medspa in the minds of consumers have come to mean, and are understood to be, related to Plaintiff's business and its services and products. Consumers

distinguish Plaintiff's business and its services and products through the unique trademark name and logo and have come to rely upon that name and logo to signify medical aesthetics services that are of high value and quality.

51. Beginning in 2014, the name "4Ever Young" started being used by one or more of the Defendants in connection with marketing, advertising and promoting of medical aesthetics services in South Florida to customers in South Florida, as well as other parts of the United States and beyond. As of the filing of this action, all of the Defendants are actively using the name "4Ever Young" in this capacity.

52. Defendants' acts as alleged herein are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Plaintiff's services.

53. Further, Defendants' use of a substantially similar mark is calculated to deceive purchasers of Plaintiff's medical aesthetics services in South Florida and has misled many of them to seek and purchase such services from Defendants in the belief that they are being provided by Plaintiff, in diminution of the business and profits of Plaintiff.

54. As a result of Defendants' use of the substantially similar mark "4EVER YOUNG," Plaintiff has been directly damaged, and is continuing to be damaged in its sale of medical aesthetics services. Defendants have never accounted to or otherwise paid Plaintiff for its use of the substantially similar mark in South Florida.

55. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests the Court to enjoin Defendants' use of the "4EVER YOUNG" mark, preclude further franchising involving the mark, award Plaintiff's damages incurred as a result of the use of the "4EVER YOUNG" mark, in addition to awarding

Plaintiff its reasonable attorneys' fees and costs, along with all such other relief which is just and appropriate.

## COUNT III
### Florida Common Law Trademark Infringement

56. Plaintiff repeats and realleges Paragraphs 1 through 23 above and incorporates them by reference herein.

57. Defendants' unauthorized use in commerce of the trademark "4EVER YOUNG" as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services and products, and is likely to cause consumers to believe, contrary to fact, that Defendants' services and products are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.  Defendants' conduct therefore constitutes trademark infringement under Florida common law.

58. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in and the use of the marks "Forever Young" and "Forever Young Medspa," which Plaintiff has used in commerce since 2005, and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

59. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.

60. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Florida common law, together with prejudgment and post-judgment interest.

WHERFORE, Plaintiff respectfully requests the Court to enjoin Defendants' use of the "4EVER YOUNG" mark, precluding the further franchising involving the mark, award Plaintiff's

damages incurred as a result of the use of the "4EVER YOUNG" mark, in addition to awarding Plaintiff its reasonable attorneys' fees, costs and interest along with all such other relief which is just and appropriate.

## COUNT IV
### Deceptive and Unfair Trade Practices Under Florida Statute and Common Law
### (Florida Statutes §§ 501.201 et seq.)

61. Plaintiff repeats and realleges paragraphs 1 through 23 above and incorporates them by reference herein.

62. This is an action for deceptive and unfair trade practices.

63. Defendants have substantially and personally participated in the false and misleading representations and deceptive conduct set forth hereinabove.

64. Defendants' false and misleading representations and deceptive conduct are material in that the same have caused and are likely to cause prospective consumers of the Plaintiff's services and products to be deceived as to the origin and the level of quality of the Defendant's services and products.

65. Defendants have disparaged the goods and services and business of Plaintiff through false and misleading representations of material fact by conveying to consumers that its inferior services were in some way affiliated with or sponsored by Plaintiff, and that such service would carry with them the same level of quality and support customers have come to expect of Plaintiff's services.

66. Upon information and belief, the Defendants provided knowingly false and misleading representations of fact and conduct in violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq.

67. As a direct and proximate result of said misleading and deceptive conduct, the Plaintiff, as well as consumers, have sustained and are likely to continue to sustain damages in an amount not yet known.

68. Pursuant to Florida's Deceptive and Unfair Trade Practices Act §§ 501.207 – 501.2075, the Plaintiff is entitled to and seek equitable relief to enjoin Defendants' unlawful conduct as well as to obtain attorney's fees, costs, and statutory damages.

69. The damage is irreparable in that the precise amount of damage to Plaintiff's reputation and business is difficult to ascertain, so that Plaintiff's remedy at law is inadequate. Unless Defendants are restrained under Fla. Stat. § 501.211, from doing the wrongful acts complained of, Defendants shall continue to do these acts.

WHEREFORE, Plaintiff respectfully requests the Court to enjoin Defendants' use of the "4EVER YOUNG" mark, precluding further franchising involving the mark, award Plaintiff's damages incurred as a result of the use of the "4EVER YOUNG" mark, in addition to awarding Plaintiff its reasonable attorneys' fees, costs and interest along with all such other relief which is just and appropriate.

## COUNT V
### Common Law Unfair Competition

70. Plaintiff repeats and realleges paragraphs 1 through 23 above and incorporates them by reference herein.

71. This is an action for unfair competition.

72. Since at least December 2005, Forever Young has actively used its distinctive name and logo in connection with its business operations in South Florida and elsewhere. Forever Young has further registered its trademarks with the State of Florida, Division of Corporations for

both the trademark name "Forever Young Medspa," which was issued Registration Number T20000001227.

73. By virtue of the continuous and exclusive use of the trademarks by Forever Young in connection with its providing medical aesthetics and related services, the inherently distinctive names Forever Young and Forever Young Medspa (and its logo) in the minds of consumers have come to mean, and are understood to be, related to Plaintiff's business and its services and products. Consumers distinguish Plaintiff's business and its services and products from others through the unique trademark name and logo and have come to rely upon that name and logo to signify medical aesthetics services that are of high value and quality.

74. Defendants provide similar services to those of Plaintiff, albeit not of the high value and quality of that offered and provided by Plaintiff. Defendants are actively using the name "4Ever Young" in this capacity, which is both substantially similar and aurally similar to those marks which had been used for well over a decade by Plaintiff. Defendants have done so with the knowledge of Plaintiff's prior long-term use of its state registered marks.

75. Defendants' acts as alleged herein are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Plaintiff's services and have actually caused confusion and mistake.

76. Further, Defendants' use of a substantially similar mark is calculated to and with the intent to deceive purchasers of Plaintiff's medical aesthetics services in South Florida and has misled many of them to seek and purchase such services from Defendants in the belief that they are being provided by Plaintiff, in diminution of the business and profits of Plaintiff.

77. The damage is irreparable in that the precise amount of damage to Plaintiff's reputation and business is difficult to ascertain, so that Plaintiff's remedy at law is inadequate.

Unless Defendants are enjoined and restrained from doing the wrongful acts complained of, Defendants shall continue to do these acts.

WHEREFORE, Plaintiff respectfully requests the Court to enjoin Defendants' use of the "4EVER YOUNG" mark, precluding further franchising involving the mark, award Plaintiff's damages incurred as a result of the use of the "4EVER YOUNG" mark, in addition to awarding Plaintiff its reasonable attorneys' fees, costs and interest along with all such other relief which is just and appropriate.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all such issues triable.

Dated this 27th day of January 2021.

Respectfully submitted,

By: /s/ Andrew S. Rapacke
Andrew S. Rapacke, Esq.
Attorney for Plaintiff
The Rapacke Law Group, P.A.
Florida Bar No. 0116247
3750 Birch Terrace
Davie, FL 33330
Telephone: (954) 951-0154
Facsimile: (954) 206-0484
Email: andy@arapackelaw.com